IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cr-00042-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LES COREY PEAK | ) | |
| _____ | ) | |

This matter came before the Court on November 4, 2024 for an inquiry into the status of counsel following the filing of a *pro se* letter by Defendant (the "Letter," Doc. 86).

At the conclusion of the hearing, the undersigned took the matter under advisement. This order now follows.

I. Relevant Procedural Background

On June 4, 2024, a Bill of Indictment was filed charging multiple individuals, including Les Corey Peak ("Defendant"), with various controlled substance and firearms-related offenses. Defendant himself was charged with two (2) controlled substance offenses. Doc. 5.

Defendant made an initial appearance on July 8, 2024, at which time he requested that counsel be appointed for him. His request was granted and Ben C. Scales, Jr. was assigned to represent Defendant. Defendant was arraigned the same day and entered a plea of not guilty. The docket call for Defendant's trial was set for the August 26, 2024 term. The Government moved for

1

detention, Defendant waived an immediate hearing on that motion, and a detention hearing was continued indefinitely for cause. Docs. 58, 59.

On August 2, 2024, the Government filed an Information and Notice Pursuant to 21 U.S.C. § 851. Doc. 65.

On August 7, 2024, Defendant filed an Unopposed Motion to Continue Trial Date and Extend Rule 12(B)(1)–(3) Motions Deadline. Doc. 68. The Court granted that request on August 16, 2024, and the docket call was reset for the November 4, 2024 trial term. Doc. 72.

On October 15, 2024, Defendant filed an Unopposed Motion to Continue Trial Date. Doc. 76. The Court granted that motion on October 23, 2024, and the docket call was reset for the January 6, 2025 trial term. Doc. 85.

On October 28, 2024, the Letter was docketed. Doc. 86.

II. The Proceedings on November 4, 2024

At the beginning of the hearing on November 4, 2024, Mr. Scales requested that the Court hear from him and Defendant in a closed proceeding. That request was granted over the Government's objection, and the courtroom was closed and the record was sealed.[1]

The Court then heard from both Mr. Scales and Defendant.

---

[1] Matters discussed during the sealed portion of the hearing are referenced in this order only to the extent they are necessary for the memorialization of the Court's ruling.

2

Afterwards, the courtroom and the record were unsealed.

At that time, Mr. Scales made an oral motion to withdraw.

The Government took no position regarding the issue of counsel.

### III. Discussion

In evaluating the status of counsel in this matter, the Court has considered the following factors: 1) the timeliness of the request for new counsel; 2) the reasons given as to why counsel's representation should not continue; and 3) whether the conflict between Defendant and counsel is so great that it has resulted in a total lack of communication preventing an adequate defense. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988), abrogated on other grounds as recognized in United States v. Ductan, 800 F.3d 642, 652 (4th Cir. 2015); see also McCracken v. United States, No. 3:21-cv-35-RJC, 2021 WL 5018698, at *7 (W.D.N.C. Oct. 28, 2021) ("The substitution or withdrawal of counsel is discretionary and requires consideration of factors including whether a conflict between the attorney and client amounts to a breakdown in communication so great that it prevents an adequate defense.") (citations omitted).

The issues regarding Mr. Scales' representation have been raised in a timely manner; as noted above, trial is scheduled for early January 2025.

With regard to the reasons given as to why counsel's representation should not continue and the extent of the conflict between Defendant and

3

counsel, the Fourth Circuit has explained that it has been "concerned not with the indigent defendant's freedom of choice or with whether the attorney and his client have a 'meaningful relationship,' … but with a 'breakdown' of attorney-client communication so great that the principal purpose of the appointment—the mounting of an adequate defense incident to a fair trial—has been frustrated." United States v. Smith, 640 F.3d 580, 588 (4th Cir. 2011) (internal quotations and citations omitted) (noting United States v. Swinney, 970 F.2d 494, 499 (8th Cir. 1992) ("a defendant must show justifiable dissatisfaction with appointed counsel …. Justifiable dissatisfaction sufficient to merit substitution of counsel includes a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant …. "), cert. denied, 506 U.S. 1011 (1992), and cert. denied, 507 U.S. 1007 (1993) (internal quotations and citation omitted)).

Here, there is no dispute that Mr. Scales and Defendant have been communicating; they have met on multiple occasions, reviewed information about the case, and discussed various topics, including the charges and possible defenses. However, disagreements have arisen from those communications.

First, Defendant wishes to receive and review certain additional information. Mr. Scales objects on the basis of the scope of that information and the associated expense of producing it for Defendant. This issue is

sufficiently addressed by the Standard Criminal Discovery Order that has been entered in this case and does not support a change of counsel.

Second, there is some suggestion that Defendant disagrees with Mr. Scales' professional opinions regarding the case. However, the information provided to the Court indicates that Mr. Scales has worked diligently on this matter and has given Defendant his opinions and guidance. No information has been provided to suggest he has not provided competent representation. Similarly, to the extent that Defendant takes issue with the tactical decisions Mr. Scales has made regarding how best to defend the charges Defendant is facing, such a dispute does not support a change of counsel. See United States v. Chapman, 593 F.3d 365, 369 (4th Cir. 2010) ("If the decision is a tactical one left to the sound judgment of counsel, the decision must be just that—left to the judgment of counsel.").

Third, a dispute exists between Defendant and Mr. Scales regarding the pursuit of certain relief; Defendant would like to seek that relief, while Mr. Scales believes that he is unable, ethically, to do so. Additional details concerning this issue were discussed during the closed portion of the November 4, 2024 proceeding and appear on the record. The Court expresses no opinion whether, in the specific circumstances presented here, it is more appropriate for the decision whether to seek the subject relief to be made by Defendant or by Mr. Scales. The Court likewise expresses no opinion regarding Mr. Scales'

5

view that he would be ethically prohibited from seeking such relief, though his position is acknowledged and his diligence in considering ethical matters is appreciated. However, it does appear that this conflict between counsel and Defendant is irreconcilable, and the undersigned is persuaded that it is significant enough to justify a change of counsel.

**IT IS THEREFORE ORDERED THAT** Defendant's request for new counsel and defense counsel's oral motion to withdraw are **GRANTED**, Mr. Scales is **WITHDRAWN** as counsel of record for Defendant, and the Federal Defender's Office is **DIRECTED** to assign new counsel for Defendant forthwith.

Signed: November 8, 2024

W. Carleton Metcalf
United States Magistrate Judge